Ross, C. J.
The appellee filed a claim consisting of notes and accounts against the estate of her deceased husband, Nebemiah Burden, amounting to twenty-eight hundred and two dollars and fifteen cents. Of this claim the appellant allowed the sum. of ten hundred and forty-three dollars and fifty cents and rejected the balance. The appellee refusing to accept the allowance, the claim was transferred to the issue docket, and upon atrial by jury was awarded twenty-seven hundred dollars. The court, after overruling appellant’s motion for a new trial, rendered judgment on the verdict.
It is insisted by counsel that the verdict of the jury is not sustained by sufficient evidence*. In support of this contention counsel say: “It is a fundamental principle of our law that in order to recover in a civil action, the plaintiff must do so by a preponderance of the evidence.” Then, after calling attention to the testimony of a number of witnesses concerning the genuineness of one of the notes embraced in the claim, continuing, say: “Now, out of this list of witnesses two give their opinion that *421 the noté in controversy was the note of the decedent, while three, who are best calculated to know all about his signature, testified that in their opinion it was not his signature, and not his note.”
Counsel, in pursuing this line of argument, seemed to have overlooked the rule which prevails in this court relative to the court’s right to consider the conflicting evidence and determine upon which side it preponderates, hence we will repeat that this court never attempts to weigh conflicting evidence and determine which side has the -preponderance. That is the province of the jury, and when they have once decided and their decision has received the approval of the trial court, this court will not disturb the verdict and judgment on the weight of the evidence.
In this case there is some evidence to sustain the verdict. The question which counsel seek to raise is the excessive amount of the recovery. To raise that question properly the motion for a new trial should have stated as one of the reasons therefor that there was error in the assessment of the amount of recovery, the same being too large. No such reason was assigned in the motion for a new trial filed in this cause.
The eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth,twenty-first, twenty-second,twenty-third, twenty-fourth, twenty-fifth and twenty-sixth causes in the motion for a new trial relate to the giving of instructions, but counsel in urging the incorrectness of these instructions, simply say: “We believe that instructions 6, 7, 9, 13 and 15 are wrong and the court erred in giving them.” To simply state that instructions do not state the law and should not have been given, without either presenting any argument pointing out wherein they are erroneous or citing any authorities *422 in support of the assertion, is not such a discussion of the question as will be deemed sufficient to require its consideration by this court. Unless a question is argued in counsel's brief it will be deemed waived.
Filed Dec. 13, 1894.
It is next urged that the court erred in permitting appellee to testify in her own behalf.
In this we think there was no error for the reason, first, that she was called to the stand, sworn and testified as a witness for the appellant, thus removing the barrier to her competency as a witness imposed by section 506, R. S. 1894; and second, because no proper objection was made to her testifying, and exception saved.
Neither was there any error in refusing to admit in evidence the tax assessment list offered by appellant, for the reason that the proof made by appellant, preliminary to the introduction of the assessment sheet, showed that the same was not hers and that she did not sign it. If she did not make it, either personally or through some one authorized to act for her, it was not competent as evidence against her.
A careful examination of the record in this case convinces us that the cause was fairly tried in the court below and a just result reached.
We find no error for which the judgment of the court below should be reversed.
Judgment affirmed.
Lotz, J., took no part in this decision.